## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 20-01784 MCF |
| | * | |
| FELIX HIDALGO, GILBERTO | * | CHAPTER 13 |
| xxx-xx-4775 | * | |
| | * | |
| DEBTOR | * | |

### NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN
### AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COMES NOW, **GILBERTO FELIX HIDALGO,** the Debtor in the above captioned case, through the undersigned attorney and very respectfully states and prays as follows:

1. The Debtor is hereby submitting an amended Chapter 13 Plan, dated August 17, 2020, herewith and attached to this motion.

2. The Plan is amended to **modify/change Part 2, Section 2.1, to reduce the proposed Plan base to $40,380.00; Part 3, Section 3.1 to delete the provision for Popular Auto (Claim No. 4-1); Part 3, Section 3.5, to provide for the surrender of collateral to Popular Auto Claim No. 4-1; Part 4, Section 4.4 to provide for the correct amount to be paid as a priority to the IRS Claim No. 2-2**, in the above captioned case.

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent regular mail to the debtors and to all creditors and parties in interest appearing on the master address list (CM/ECF non-participants), hereby attached.

## NOTICE

**You are notified that within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 17th day of August, 2020.

/s/*Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
FAX 787-746-5294
Email: rfc@rfigueroalaw.com

In Re
FELIX HIDALGO, GILBERTO

Case No: **20-01784 MCF**

Chapter 13

XXX-XX-**4775**

XXX-XX-

[X] Check if this is a pre-confirmation amended plan.

[ ] Check if this is a post confirmation amended plan

**Puerto Rico Local Form G**

Proposed by:
[ ] Debtor(s)
[ ] Trustee
[ ] Unsecured creditor(s)

**Chapter 13 Plan dated 08/17/2020**

[X] If this is an amended plan, list below the sections of the plan that have been changed.

2.1; 3.1; 3.5; 4.4

## PART 1 Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 350.00 | 3 | 1,050.00 | |
| 690.00 | 57 | 39,330.00 | |
| Subtotals | 60 | 40,380.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Banco Popular De Puert** | CHALETS DE LA PLAYA APT 627, VEGA BAJA, PR 00693 | 947.00 | 12,630.39 | 0.00% | 00.00 | |
| | | Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | | __ Months | Starting on Plan Month | |
| **Asoc Chalets Playa** | Chalet Playa Apt 627 Vega Baja PR | 70.00<br>Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | 4,983.13 | 0.00%<br>__Months | 0.00<br>Starting on Plan Month | |
| **Chalets de la Playa -Este** | Chalet Playa Apt 627 Vega Baja PR | 79.52<br>Disbursed by: | 5,293.97 | 0.00%<br>____Months | 0.00<br>Starting on Plan Month | |

| GERENCOOP | Shares & Deposits | 210.74<br>Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | 00.00 | 0.00%<br>___Months | 0.00<br>Starting on<br>Plan Month |
|---|---|---|---|---|---|
| | | [ ] Trustee<br>[X] Debtor(s) | | | |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*

   **[X] None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   **[X] None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

   *Check one.*
   **[X] None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

   *Check one.*
   **[ ] None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

   **[X]** The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

**Name of creditor**
AEELA/ Claim No. 3-1

**Collateral**
AEELA savings, dividends, other as per POC #3-1

Popular Auto/ Claim No. 4-1

2018 Hyundai KONA

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
   [ ] Payments pursuant to 11 USC §1326(a)(1)(C):
*Name of secured creditor*          $ Amount of APMP                    *Comments*
**None**
*Insert additional lines as needed.*

   Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*
   **[X] None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **525.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **3,475.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ **0.00** |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The debtor(s) estimate the total amount of other priority claims to be **$2,542.67**.

| Name of Priority Creditor | Estimate Amount of claim to be paid |
|---|---|
| Internal Revenue Service | $2,542.67 as per Claim No. 2-2 |

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1 Check "None" or list the nonstandard plan provisions**

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**
The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**

Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/Roberto Figueroa Carrasquillo

Date **August 17, 2020**

**Signature of attorney of Debtor(s)**
RFIGUEROA CARRASQUILLO LAW OFFICE PSC

Date

Date

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing          BANCO POPULAR DE PUERTO RICO          POPULAR AUTO
0104-3                                   COLON SANTANA & ASOCIADOS CSP         PO BOX 366818
Case 20-01784-MCF13                      315 COLL & TOSTE                      SAN JUAN, PR 00936-6818
District of Puerto Rico                  SAN JUAN, PR 00918-4026
Old San Juan
Mon Aug 17 14:33:06 AST 2020

US Bankruptcy Court District of P.R.     AEELA                                 Asoc Propietarios Chalets de la Playa
Jose V Toledo Fed Bldg & US Courthouse   PO Box 364508                         Icon Property Mgt Corp
300 Recinto Sur Street, Room 109         San Juan, PR 00936-4508               Adm 700 R686 Km 10.3
San Juan, PR 00901-1964                                                        Vega Baja, PR 00693

Autoridad Acueductos Y Alcantarillados   Banco Popular De Puert                Banco Popular de Puerto Rico
PO Box 5729                              PO Box 2708                           PO Box 362708
Caguas, PR 00726-5729                    San Juan, PR 00901                    San Juan, PR 00936-2708

Chalets de la Playa Este                 DEPARTMENT OF TREASURY                DTOP
Administracion 700                       SECTION OF BANKRUPTCY 424-B           PO Box 41269 Minillas Station
Carretera 686 Km 10.3                    PO BOX 9024140 SAN JUAN PR, 00918-4140 San Juan, PR 00940-1269
Vega Baja, PR 00693

Departamento de Hacienda                 GEREN COOP                            (p)INTERNAL REVENUE SERVICE
PO Box 9024140                           1200 AVE PONCE DE LEON                CENTRALIZED INSOLVENCY OPERATIONS
San Juan, PR 00902-4140                  SAN JUAN, PR 00907-3850               PO BOX 7346
                                                                               PHILADELPHIA PA 19101-7346

POPULAR AUTO                             Scolopax, LLC                         Sears Why Not Lease It
BANKRUPTCY DEPARTMENT                    c/o Weinstein & Riley, P.S.           Maza & Green LLC
PO BOX 366818                            2001 Western Ave., Ste. 400           33 Bolivia Suite 203
SAN JUAN PUERTO RICO 00936-6818          Seattle, WA 98121-3132                San Juan, PR 00917-2016

Security Credit Servic                   (p)T MOBILE                           (p)TEMPOE LLC DBA WHY NOT LEASE IT
306 Enterprise Dr                        C O AMERICAN INFOSOURCE LP            ATTN BOB HOLWADEL
Oxford, MS 38655-2762                    4515 N SANTA FE AVE                   720 EAST PETE ROSE WAY SUITE 400
                                         OKLAHOMA CITY OK 73118-7901           CINCINNATI OH 45202-3576

GILBERTO FELIX HIDALGO                   JOSE RAMON CARRION MORALES            MONSITA LECAROZ ARRIBAS
EL SENORIAL MAIL STATION BOX 613         PO BOX 9023884                        OFFICE OF THE US TRUSTEE (UST)
SAN JUAN, PR 00926                       SAN JUAN, PR 00902-3884               OCHOA BUILDING
                                                                               500 TANCA STREET SUITE 301
                                                                               SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114-0326

T-Mobile
12920 SE 38th St # Stre
Bellevue, WA 98006-1350

Tempoe LLC
720 East Pete Rose Way Suite 400
Cincinnati, OH 45202

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24